## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Case No. 06-20175 |
| ) | 09-2108 |
| GUILLERMO PENA-BAEZ,    ) | |
| ) | |
| Defendant.    ) | |
| ) | |

## MEMORANDUM AND ORDER

Defendant Guillermo Pena-Baez was charged with one count of possession with intent to distribute methamphetamine in violation of Title 21, United States Code, Section 841(a)(1).  Defendant entered into a conditional plea agreement and pled guilty to the charge.  Defendant was sentenced to 168 months in federal prison, which was within the sentencing guideline range.

In the conditional plea agreement[1], Defendant waived the right to appeal a sentence that fell within the range recommended by the sentencing guidelines and also waived the right to challenge a sentence or otherwise modify or change a sentence by a collateral attack brought under Title 28, U.S.C. § 2255 except as limited by *United States*

---

[1] The plea agreement was conditional "pursuant to Rule 11(a)(2) reserving the adverse determination of the suppression issue outlined in defendant's Motion to Suppress (Doc. 11)."  This court denied the motion and Defendant appealed consistent with the plea agreement conditions.  The Tenth Circuit reviewed the suppression issue and affirmed this court's denial of Defendant's motion.

*v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

Defendant has filed a petition for relief under 28 U.S.C. § 2255 (Doc. 37) on four grounds.  First, he claims ineffective assistance of counsel in negotiating the plea agreement and that his plea was coerced.  Second, he claims his attorney was ineffective at the suppression hearing.  Third, he claims his attorney was ineffective on direct appeal.  Fourth, he claims that the court should not have accepted his guilty plea prior to its review of the presentence investigation report

The Government filed a Motion to Enforce Defendant's Waiver of Collateral Attack (Doc. 40), asserting that the Petition to Vacate falls within the waived rights as outlined in the plea agreement.  More specifically, the Government contends that any alleged  ineffective assistance of counsel did not directly apply to the negotiation of the plea agreement or waiver and thus falls outside the limitations of *Cockerham*.  Also, the Government cites the plain language of the plea agreement as well as the plea colloquy to argue that the waiver was knowing and voluntary.

For the reasons given below, Government's Motion to Enforce Waiver of Collateral Attack (Doc. 40) is granted and Defendant's § 2255 petition (Doc. 37) is denied in part and dismissed in part.


## Discussion

The court will hold a defendant and the government to the terms of a lawful plea agreement.  *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004);

*United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998).  Thus a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001).  The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

1. *Scope of the waiver*

In determining whether the disputed issues fall within the scope of the waiver, the court begins with the plain language of the plea agreement.  *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328.  Here, the plea agreement specifically speaks to the waiver of a collateral attack through a § 2255 motion:

> By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)].

The plea agreement is construed "according to contract principles and what the

3

defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). In determining a waiver's scope this court will strictly construe appeal waivers and any ambiguities will be read against the Government and in favor of Defendant's rights. *Hahn*, 359 F.3d at 1325.

Given the plain language of the plea agreement, Defendant waived his rights to collaterally attack the sentence through the use of a § 2255 motion except as limited by *Cockerham*, which permits claims of ineffective assistance of counsel related to the negotiation of the plea or waiver. *Cockerham*, 237 F.3d at 1183. Thus, Defendant waived all appeal and collateral attack rights that do not challenge the knowing and voluntary nature of his entering into the plea agreement or that do not claim ineffective assistance of counsel specifically related to the negotiation of the plea agreement or waiver.

Bearing this in mind, Defendant clearly waived the right to raise his claim challenging ineffective assistance of counsel in the suppression hearing and on direct appeal as well as his claim challenging the court's acceptance of the guilty plea. However, Defendant's ineffective assistance claim concerning the plea agreement and waiver arguably falls within *Cockerham*, and the court discusses that claim more fully below.

*2. Knowing and voluntary*

For a waiver to be enforceable the defendant must have knowingly and voluntarily

waived his appeal rights. *Hahn*, 359 F.3d at 1325.  The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action available to the defendant.  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Defendant does not dispute that his waiver was knowing and voluntary except to the extent he asserts that his counsel was ineffective in connection with the plea – an argument that the court addresses below in connection with the miscarriage of justice prong of the *Hahn* analysis.  Putting that argument aside, the record reflects that Defendant's waiver was knowing and voluntary.

In determining whether a defendant knowingly and voluntarily waives his appeal rights the court especially looks to two factors: whether the plea agreement states that the defendant entered the plea agreement knowingly and voluntarily, and whether there is an adequate Rule 11 colloquy.  *Hahn*, 359 F.3d at 1325.

Both conditions are satisfied here.  Paragraph 11 of Defendant's plea agreement expressly states that Defendant waives his right to appeal or collaterally attack any matter dealing with his prosecution, conviction, or sentence.  *See United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) (concluding that a defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because plea agreement contained broad waiver that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence").  Also, immediately preceding Defendant's signature, the plea agreement states that the defendant acknowledges that he is entering into the plea agreement and

pleading guilty because he is guilty and is doing so freely and voluntarily.

In addition, the court, during its Rule 11 colloquy with Defendant, specifically discussed that he had waived his right to challenge his sentence through a § 2255 motion. Defendant affirmed his understanding that he had waived his right to assert such claims and that he was entirely willing to do so. *See id.* (finding that defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because defendant testified at the plea colloquy that he was competently, knowingly, freely, and voluntarily entering his plea and waiving his constitutional rights, including his right to appeal) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.")). Thus, based on the express language of the plea agreement and in the Rule 11 colloquy, Defendant knowingly and voluntarily waived his appeal rights.

*3. Miscarriage of Justice*

Enforcing a waiver results in a miscarriage of justice only where (1) the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the plea or waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful. *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001). For

a waiver to otherwise be unlawful there must be an error that is plain and that affects substantial rights and the error must seriously affect the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993). The burden rests with Defendant to show that enforcement of the plea waiver will result in a miscarriage of justice. *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

Here, Defendant does not suggest that the court relied on any impermissible factor such as race, that the sentence rendered exceeded the statutory maximum, or that the waiver contained a plain error which affected the substantive rights of the Defendant. Defendant argues however that he received ineffective assistance of counsel in negotiation of the plea agreement.

The constitutional right to effective assistance of counsel is defined in *Strickland v. Washington*, 466 U.S. 668 (1984). To obtain habeas relief, a petitioner must establish both that his attorney's representation was deficient, measured against an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different thereby constituting prejudice to the petitioner. *See id.* at 687, 688, 694.

Here, Defendant contends that his attorney coerced Defendant into a guilty plea by advising him that she believed he would receive a sentence of life in prison if he did not plea guilty. Defendant claims that he would have proceeded to trial if he had known that he would not receive life in prison at a jury trial. According to Defendant's motion,

he was counseled that based on the amount of drugs involved, a conviction could result in a life sentence. The statute for the crime charged has a sentencing range which includes life in prison, and thus defense counsel was not deficient by warning Defendant that he could possibly receive life in prison if he were to go to trial.

At the plea hearing, the Court informed Defendant that the statutory sentencing range for his charged crime was for between ten years and life in prison. Defendant advised the Court that he was aware of and understood the sentencing range. Defendant also acknowledged to the court that he was satisfied with his counsel, he was aware of the charges brought against him, and that he was pleading guilty because he was in fact guilty. The court also asked whether Defendant had received any threats or whether any promise or inducement had been made by anybody in order to get Defendant to plead guilty to which he responded "no."

Defendant cites various comments by the court during sentencing to support his allegation that his guilty plea was coerced. At that hearing, however, defense counsel conceded that the factual basis in the guilty plea could be sufficient to sustain a guilty verdict by a jury and that pleading guilty was a tactical decision to avoid the risk of a harsher sentence in the event of a guilty verdict at trial.

Defendant's conclusory allegations that he received ineffective assistance of counsel contradict his statements made under oath and are insufficient to support an ineffective assistance claim. Thus, enforcing the waiver would not result in a miscarriage of justice.

8

**Conclusion**

Having concluded that the waiver contained in Mr. Pena-Baez's plea agreement was knowing and voluntary and that enforcing it will not result in a miscarriage of justice, the court grants the Government's motion to enforce and dismisses Mr. Pena-Baez's claims concerning ineffective assistance of counsel at the suppression hearing and on direct appeal and also dismisses his claim that the court erred in accepting the guilty plea. This court denies Mr. Pena-Baez's claim that he received ineffective assistance of counsel in negotiation of the plea agreement.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 37) is denied in part and dismissed in part, and the Government's Motion to Enforce Waiver of Collateral Attack (Doc. 40) is granted.

**IT IS SO ORDERED** this 24th day of July, 2009.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

9