# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|                           |   |                    |
|---------------------------|---|--------------------|
| **UNITED STATES OF AMERICA,** | ) |                    |
|                           | ) |                    |
| **Plaintiff,**            | ) |                    |
|                           | ) |                    |
| v.                        | ) | Case No. 06-20175 |
|                           | ) | 09-2108           |
| **GUILLERMO PEÑA-BAEZ,**  | ) |                    |
|                           | ) |                    |
| **Defendant.**            | ) |                    |

## MEMORANDUM AND ORDER

Defendant Guillermo Peña-Baez pled guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 168 months in federal prison. His conviction and sentence were affirmed by the Tenth Circuit. *United States v. Peña-Baez*, 285 Fed. App'x 553 (10th Cir. 2008).

Mr. Peña-Baez then filed a petition for relief under 28 U.S.C. § 2255 (doc. 37), which this court denied in part and dismissed in part because of the collateral-attack waiver included in Mr. Peña-Baez's plea agreement. (Doc. 46.) This court denied his request for a certificate of appealability (doc. 50), as did the Tenth Circuit, *United States v. Peña-Baez*, No. 09-3262, 2009 WL 5126127 (10th Cir. Dec. 30, 2009).

Mr. Peña-Baez has now filed a Motion for Relief from Judgment (doc. 57). For the reasons discussed below, this motion is denied.

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional

circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." *Van Skiver*, 952 F.2d at 1243-44. According to Rule 60, a court may grant relief from judgment for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Mr. Peña-Baez argues first that the court failed to indicate whether it had reviewed the files and records of the case or whether it had merely relied on its own recollection. Specifically, Mr. Peña-Baez contends that the court failed to make any findings of fact based on documents in the record that his attorney was not ineffective. As to the ineffective assistance claim, the court determined that Mr. Peña-Baez's allegations were conclusory and contradicted statements he made under oath. That finding by the court was enough to reject Mr. Peña-Baez's allegations of ineffective assistance. The Tenth Circuit agreed. *United States v. Peña-Baez*, 2009 WL 5126127, at *2.

Mr. Peña-Baez also challenges the court's order because it failed to address his claim that he requested permission to withdraw his guilty plea. The court first notes that Mr. Peña-Baez's § 2255 motion did not identify that as a separate ground for relief. Instead, he merely commented in the context of his ineffective assistance claim that his attorney never asked him if he wished to withdraw his plea. Moreover, given that Mr. Peña-Baez's waiver was valid, the court did not need to address the merits of his underlying arguments. *See United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam); *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001).

One final issue the court wishes to address. The Government suggested in its Response (doc. 60) that perhaps Mr. Peña-Baez's motion was an unauthorized successive habeas petition. But

> a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (citing *Spitznas v. Boone,* 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citations omitted)). Given that Mr. Peña-Baez is challenging the way this court decided his § 2255 petition, his motion attacks the habeas proceeding itself. As such, it was properly evaluated as a Rule 60(b) motion, and the court finds that Mr. Peña-Baez has offered no basis to grant the Rule 60(b) relief he

3

seeks.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for relief from judgment (doc. 57) is **denied**.

**IT IS SO ORDERED** this 19th day of May, 2010.

 s/ John W. Lungstrum
John W. Lungstrum
United States District Judge